# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAX MARGULIS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:15-CV-1248 JAR<br>) |
| EAGLE HEALTH ADVISORS, LLC, et al., | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Class Certification (Doc. No. 4) and Defendants' Motion to Dismiss. (Doc. No. 12) The motions are fully briefed and ready for disposition.

**Background**

Plaintiff Max Margulis brought this action in St. Louis County Circuit Court on behalf of himself and others similarly situated against Defendants Eagle Health Advisors, LLC ("Eagle"), Homeland Healthcare, Inc. ("Homeland") and John Does 1-10, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). The matter was timely removed to this Court on August 14, 2015. (Doc. No. 1) Plaintiff alleges Defendants placed calls to his and the class members' residential telephone lines using an artificial or pre-recorded voice offering to sell health insurance and related products without obtaining the prior express written consent of Plaintiff and the class members. Plaintiff seeks damages and injunctive relief as well as a declaration that Defendants' actions violate the TCPA.

Plaintiff filed a motion for class certification with his state court complaint, seeking to assert claims on behalf of a class defined as:

> All persons in the United States whose residential telephone lines were called by or on behalf of Eagle Health or Homeland using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party since October 16, 2013.[1]

(Class Action Petition ("Compl."), Doc. No. 3 at ¶ 8) Plaintiff explains he filed the motion for class certification at the same time he filed suit to protect against individual settlement offers that potentially could moot his claim for class-wide relief.[2] See e.g., March v. Medicredit, No. 4:13-CV-1210-TIA, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013). (Doc. No. 4 at 1 n. 1; Doc. No. 21 at 2) Plaintiff requests additional time to complete discovery related to class issues and to file suggestions in support of his motion. Defendants oppose Plaintiff's motion for certification and move to dismiss his action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**Motion for class certification**

Although the March court advised that "in future cases, putative class action plaintiffs would be wise to immediately file [motions for class certification] to protect the class from similar motions to dismiss based on offers of judgment," the court also stated that defendants "should not be able to use offers of judgment [under Federal Rule of Civil Procedure 68] to thwart class actions." 2013 WL 6265070, at *3. As such, the March court struck the defendant's offer of judgment and denied defendant's motion to dismiss. Id. at *4. Rather than permit Plaintiff's motion for certification to pend indefinitely, the Court will deny the motion without

---

[1] As of October 16, 2013, prior express written consent is required before placing such calls. See 47 C.F.R. 64.1200(a)(3).

[2] Plaintiff states he offered to withdraw his motion for class certification if Defendants agreed not to make an individual settlement offer or Rule 68 offer of judgment to Plaintiff. According to Plaintiff, Defendants did not respond to his proposal. (Doc. No. 21 at 2)

prejudice to refiling at the appropriate time. Any offer of judgment made only to the named Plaintiff before the Court rules on a motion for class certification filed in accordance with a case management order will be stricken. See Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 334 (D. Minn. 2011).

Defendants have raised an issue regarding Plaintiff's ability to adequately represent the class he seeks to have certified by submitting under seal a document subject to a written confidentiality agreement. (Doc. No. 15-2) In the Court's view, given the circumstances of this case, limited discovery and briefing on this issue, as well as on Plaintiff's individual claim, should proceed. Accordingly, the Court will direct the parties to submit a joint proposed schedule for limited discovery on these issues and set this matter for a Rule 16 conference.

**Motion to dismiss**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). The Court does not accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the claims are only possible, not plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570; accord Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court "assess[es] plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint, and 'draw[ing] on [its][own] judicial experience and common sense.'" St. Louis Heart Ctr., Inc. v. Caremark, L.L.C., No. 4:12-CV-2151-TCM, 2013 WL 9988795, at *1 (E.D. Mo. Apr. 19, 2013) (quoting Whitney v. Guys, Inc., 700 F.3d 1118, 1128

(8th Cir. 2012)). Moreover, "'on a motion to dismiss, inferences are to be drawn in favor of the non-moving party.'" Whitney, 700 F.3d at 1128 (quoting Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009)).

Under the TCPA, it is unlawful to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party unless the call is initiated for emergency purposes or is exempted by the Federal Communications Commission ("FCC"). 47 U.S.C.A. § 227(b)(1)(B). Defendants argue Plaintiff's TCPA claim fails because he does not allege facts that demonstrate the call was made without his prior express consent. Although Plaintiff alleges he did not give Defendants *written* permission, Defendants contend the Act does not mandate written permission.[3] Defendants assert that the regulation cited by Plaintiff applies to calls made for the purpose of delivering "a message," 47 C.F.R. § 64.1200(a)(3), which is not the allegation in the instant case. (Doc. No. 13 at 3; Doc. No. 23 at 2) Based on a transcript of the call Plaintiff received on October 20, 2014, during which Plaintiff stated he was in the market for health insurance and requested a quote for coverage (see Compl. at ¶ 39), Defendants assert "it is reasonable to infer

---

[3] In 2012, the FCC issued a new rule requiring businesses to obtain "prior express written consent" before placing telemarketing calls. 47 C.F.R. § 64.1200 (a)(3). "Prior express written consent" means:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

Id. at § 64.1200(f)(8). In the 2012 Order, the FCC stated that "[o]nce our written consent rules become effective ... an entity will no longer be able to rely on non-written forms of express consent to make autodialed or prerecorded voice telemarketing calls, and thus could be liable for making such calls absent prior written consent." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 FCC Rcd. 1830, 1857 ¶ 68 (Feb. 15, 2012). This 2012 FCC Order took effect on October 16, 2013. See Soular v. N. Tier Energy LP, No. 15-CV-556-SRN/LIB, 2015 WL 5024786, at *7 (D. Minn. Aug. 25, 2015).

from the complaint that [he] either invited or gave prior consent to the call." (Doc. No. 13 at 3) The Court notes however that a similar argument was rejected in <u>Margulis v. P & M Consulting, Inc.</u>, 121 S.W.3d 246, 251 (Mo. Ct. App. 2003). There, the court ruled that plaintiff's responses to questions posed to her after the call was connected to her residential telephone line did not constitute express consent given prior to the initiation of the call.

In opposition to Defendants' motion to dismiss, Plaintiff maintains he has alleged sufficient facts to support each element of his TCPA claim. (Doc. No. 20 at 2-3) In particular, he alleges that on or about October 20, 2014, a telephone call was placed to his residential telephone line offering to sell him insurance products. The caller identification system listed the calling number as "Healthserv" 1-949-█████. Upon answering the call, Plaintiff noticed a delay before the voice on the other end of the call joined the conversation. Plaintiff alleges upon information and belief that Defendants' call to his residential telephone line utilized technology described as a "telemarketing robot," "agent assisted automation technology," "voice conversion technology," "outbound IVR," or "cyborg telemarketing." Plaintiff alleges he remained on the line throughout the entire call and recognized that the first part of the call was a prerecorded or artificial voice because he heard awkward pauses, responses, and other conduct of the voice that were both unnatural and inconsistent with a conversation taking place with a live person. During this first part of the call, Plaintiff was asked for certain information. After providing answers to the questions asked, Plaintiff's call was transferred to an insurance agent from Eagle Health who confirmed that it had contracted with a third-party called Avatar to originate the call to Plaintiff. Plaintiff further alleges that Defendants' telephone call to his residence was not made for an emergency purpose but rather for a commercial purpose, i.e., to sell insurance products. Lastly, Plaintiff alleges Defendants did not have his prior express written permission to make the

telephone call to his residence. (Compl. at ¶¶ 35-38, 40-41, 42-44) These facts, when accepted as true, plausibly state a claim upon which relief can be granted under the TCPA. Accordingly, Defendants' motion to dismiss Plaintiff's TCPA claim (Count I) will be denied.

Defendants also move to dismiss Plaintiff's claim for declaratory relief (Count III) because Plaintiff already has an adequate remedy at law under the TCPA. (Doc. No. 13 at 4) Plaintiff responds that his declaratory judgment claim should not be dismissed because there has been no determination on the merits of his TCPA claim. (Doc. No. 20 at 5) Without such a determination, the relief he requests, in the alternative, is a valid claim.

Rule 57, Fed. R. Civ. P., governs declaratory judgment actions. Rule 57 is not construed to mean that a declaratory judgment action "will lie whenever there is a pending controversy, regardless of the need for it." Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc., No. 4:06-CV-1308-CEJ, 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007) (quoting Larson v. General Motors Corp., 134 F.2d 450, 453 (2d Cir.1943)). "Whether to entertain the action rests in the discretion of the judge," and a declaratory judgment action should lie "only in cases where it could be of some practical convenience to the parties." Id. (citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)). A court may decline to enter declaratory judgment if such a judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." Id. (quoting J.H. Fichman Co., Inc. v. City of Kansas City, 800 S.W.2d 24, 27 (Mo. Ct. App.1990)).

Here, the Court has determined that Plaintiff's complaint sufficiently alleges a claim for violation of the TCPA. A decision on the merits of this claim would render Plaintiff's request for a declaration that Defendants' actions violate the TCPA moot or redundant. See Postal Instant Press v. Jackson, 658 F. Supp. 739, 742 (D. Colo. 1987). Accordingly, Defendants' motion to dismiss Plaintiff's claim for declaratory relief (Count III) will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification [4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [12] is **GRANTED** in part and Count III (Declaratory Relief) is dismissed. In all other respects the motion is **DENIED**.

**IT IS FINALLY ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 31st day of March, 2016.

                                                  _____
                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**